# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANTHONY SIMMONS,          )
                                 )
            Petitioner,      )
                                 )     Case No. 18 C 1359
        v.                 )
                                 )
UNITED STATES OF AMERICA,   )
                                 )
            Respondent.    )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On February 15, 2018, pro se Petitioner Anthony Simmons filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court dismisses Simmons's § 2255 motion as untimely and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2255(f).[1]

## BACKGROUND

On September 30, 2010, Simmons was charged in a nine-count indictment with wire fraud, bankruptcy fraud, and falsifying records in a bankruptcy proceeding in violation of 18 U.S.C. §§ 157, 1343, and 1519. These charges arose from Simmons's participation in a fraudulent scheme wherein he used a shell corporation, Unity Management and Development Corporation, to target unsophisticated homeowners in financial trouble. In furtherance of this fraudulent scheme, Simmons represented to the homeowners – who were falling behind on their mortgage payments – that they could sell their homes to an "investor" and reside in the home as a renter until they could repurchase their homes. These "investors" were straw purchasers that

---

[1] On June 13, 2018, Simmons filed a pro se motion for an order releasing him on bond pending the Court's ruling on his 28 U.S.C. § 2255 motion that the Court denies as moot. [13].

Simmons paid, after which he used their names on false loan applications. Simmons also prepared and filed fraudulent bankruptcy petitions on behalf of the distressed homeowners in hopes that the bankruptcy code's automatic stay would stall foreclosure on the homes.

After an April 2013 jury trial, the jury returned a guilty verdict on Counts 1-9 of the indictment. On September 30, 2013, the Court sentenced Simmons within the guidelines range to a total of 78 months' imprisonment and ordered Simmons to pay the total restitution amount of $1,509,609.16. Simmons filed a timely notice of appeal, after which his appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). On June 3, 2015, the Seventh Circuit granted appellate counsel's *Anders* motion and dismissed his appeal. Simmons then filed a petition for a writ of certiorari that the United States Supreme Court denied on March 21, 2016. The Supreme Court denied his petition for rehearing on May 16, 2016.

In the meantime, on April 18, 2016, Simmons filed a pro se Federal Rule of Criminal Procedure 33 motion for a new trial that the Court denied on July 29, 2016. In denying his Rule 33 motion, the Court concluded that Simmons's motion was untimely and that he failed to identify any newly-discovered evidence. *United States v. Walter*, 870 F.3d 622, 627 (7th Cir. 2017) ("Rule 33 of the Federal Rules of Criminal Procedure normally requires motions for a new trial to be filed within 14 days of the jury's verdict, unless the motion is based on newly discovered evidence, in which case it may be filed within three years of verdict."). On August 15, 2016, Simmons filed a pro se motion for reconsideration that the Court denied on August 15, 2016. Simmons appealed the Court's denial of his Rule 33 motion for a new trial and motion for reconsideration. The Seventh Circuit affirmed the Court's rulings on April 20, 2017, concluding that Simmons's motions were untimely. Also, Simmons filed a petition for a rehearing that the Seventh Circuit denied on May 9, 2017.

The present § 2255 motion was postmarked February 15, 2018, and docketed on February 21, 2018. In response to Simmons's § 2255 motion, Respondent asserts that it is untimely under 28 U.S.C. § 2255(f).

## ANALYSIS

### I.    Statute of Limitations – 28 U.S.C. §  2255(f)

A federal prisoner has one year from the date on which his judgment became final to file a § 2255 motion. *Clay v. United States,* 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Lombardo v. United States,* 860 F.3d 547, 551 (7th Cir. 2017); 28 U.S.C. § 2255(f)(1). A judgment is "final" for purposes of § 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *Clay,* 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

Simmons's present § 2255 motion is postmarked February 15, 2018, which is untimely pursuant to the one-year limitations period because his conviction became final on March 21, 2016 when the Supreme Court denied his petition for a writ of certiorari.[2]  As such, Simmons had until March 21, 2017 to file a timely § 2255 motion – absent statutory or equitable tolling – which he failed to do.  To clarify, the relevant statutory section reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Simmons's petition for a rehearing of the Supreme Court's denial of certiorari has no effect on the finality of his conviction for § 2255 purposes.  *See Lombardo v. United States,* 860 F.3d 547, 551 (7th Cir. 2017); *Robinson v. United States*, 416 F.3d 645, 649 (7th Cir. 2005).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *Lombardo*, 860 F.3d at 551.

Construing his pro se allegations liberally, *see Otis v. Demarasse,* 886 F.3d 639, 644 (7th Cir. 2018), Simmons maintains that the Supreme Court denied his petition for a writ of certiorari on October 2, 2017, and thus his conviction became final on that date. The Supreme Court's October 2, 2017 denial, however, stems from Simmons's appeal of his untimely Rule 33 motion for a new trial, *see United States v. Simmons*, 683 F. App'x 522 (7th Cir.), *reh'g denied* (May 9, 2017), *cert. denied*, 138 S. Ct. 273 (2017), and not his direct appeal challenging his conviction. *See United States v. Simmons,* 606 F. App'x 848 (7th Cir. 2015). Simply put, Simmons's untimely Rule 33 motion filed after the Seventh Circuit dismissed his appeal on June 3, 2015 did not stop the clock for purposes of the present § 2255 motion. *See United States v. Redd*, 562 F.3d 309, 312 (5th Cir. 2009); *Barnes v. United States*, 437 F.3d 1074, 1079 (11th Cir. 2006); *United States v. Pedraza*, 65 F. App'x 702, 705 (10th Cir. 2003); *Trenkler v. United States*, 268 F.3d 16, 22 (1st Cir. 2001); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001); *United States v. Prescott*, 221 F.3d 686, 689 (4th Cir. 2000). Put differently, finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires," *see Clay*, 537 U.S at 527, and a Rule 33 motion for a new trial brought after sentencing is not part of the direct appeal from judgment. *See Trenkler*, 268 F.3d at 22; *see also United States v. Rosby*, 454 F.3d 670, 675 (7th

Cir. 2006) ("A district court's action on a Rule 33 motion for a new trial filed after sentencing is a new final decision that requires a new notice of appeal.").

Turning to the statutory tolling provisions, and examining his pro se filings liberally, Simmons believed that he had newly-discovered evidence when he filed his Federal Rule of Criminal Procedure 33 motion for a new trial on April 18, 2016. Assuming that this evidence is newly-discovered for purposes of the present § 2255 motion, under the statutory tolling provision in § 2255(f)(4), Simmons had one year from when he discovered these facts to file his § 2255 motion, namely, May 18, 2017. Simmons's § 2255 motion, however, was postmarked February 15, 2018. *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) (discussing prison mailbox rule). Therefore, the statutory tolling provision in § 2254(f)(4) does not save the day. Further, construed liberally, Simmons's other arguments in his pro se filings do not address the statutory tolling provisions in § 2254(f)(3), (4).

The one-year limitations period is also subject to equitable tolling, which federal courts grant only if extraordinary circumstances beyond the petitioner's control prevented him from the timely filing of his § 2555 motion. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Lombardo,* 860 F.3d at 552. Equitable tolling is available if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649. In summary, "[e]quitable tolling is an extraordinary remedy" and "is rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Under this standard, a petitioner's lack of familiarity with the law or lack of legal training does not trigger equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Also, a petitioner's pro se status does not

entitle him to equitable tolling.  *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008).  Therefore,

any argument that Simmons did not know that his untimely Rule 33 motion filed after the

Seventh Circuit dismissed his appeal did not stop toll the § 2255 limitations period is unavailing.

## II.      Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a

district court's denial of his § 2255 motion, instead, he must first request a certificate of

appealability.  *Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

A petitioner is entitled to a certificate of appealability only if he can make a substantial showing

of the denial of a constitutional right.  *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th

Cir. 2014).  Under this standard, Simmons must demonstrate that "reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed

further."  *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct.

1595, 146 L.Ed.2d 542 (2000)).

Here, Simmons has not demonstrated that reasonable jurists would disagree as to the

Court's timeliness consideration.  Therefore, the Court declines to certify any issues for appeal

pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court dismisses Petitioner's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 as untimely and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** July 3, 2018

ENTERED

**AMY J. ST. EVE**
**United States Circuit Court Judge**
**Sitting by Designation**